IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BURTON F. TUCKER & IDA TUCKER, | : : : | CIVIL NO. 1:08-CV-1677 |
| Plaintiffs | : : | JUDGE SYLVIA H. RAMBO |
| v. | : : | |
| MANN BRACKEN, LLC, | : : | |
| Defendant | : | |

**M E M O R A N D U M**

Plaintiffs Burton F. Tucker and Ida Tucker filed a *pro se* complaint alleging that Defendant Mann Bracken, LLC violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendant has filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted, on the grounds that Plaintiffs' claims are time barred. Because the court finds that Plaintiffs' complaint was filed within one year of the most recent alleged FDCPA violation and Plaintiffs have alleged a continuing violation, Defendant's motion to dismiss will be denied.

**I.     Background**

The court sets forth the facts alleged in Plaintiffs' complaint and accepts them as true. Plaintiff Burton F. Tucker incurred debt on a credit card issued to him by MBNA America Bank, N.A. ("MBNA"). (Compl. ¶ 8.) MBNA retained Defendant Mann Bracken, LLC[1] who then filed a complaint against Burton

---

[1] Plaintiff identifies Mann Bracken, LLC as "successor by merger" to MBNA's original debt collection agent, Wolpoff and Abramson, LLP.

Tucker on July 28, 2006 to collect that debt.[2] (*Id.*) By that point, the debt totaled more than $95,243.00, including interest and attorney's fees. (*Id.* ¶ 10.) Prior to filing the collection lawsuit, Defendant attempted to collect the debt by making telephone calls to Plaintiffs' home on their personal and business lines as early as January 14, 2005. (*Id.* Ex. 4.) Documents attached to Plaintiffs' complaint indicate that the telephone calls continued until March 14, 2008. (*Id.*) Plaintiffs characterize these telephone communications as harassing. (Compl. ¶¶ 12, 14, 16, 21, 23.)

Accordingly, Plaintiffs filed a complaint against Defendant on September 10, 2008, alleging violations of the FDCPA, 15 U.S.C. §§ 1692c, 1692d, and 1692k. (*Id.* ¶ 21.) Plaintiffs' complaint seeks $54,000.00 in damages for the harassing telephone calls. (*Id.* ¶ 24.) Defendant filed a motion to dismiss on October 8, 2008, arguing that Plaintiffs' claims are time barred under the FDCPA. (Doc. 6.) The parties have briefed the issues and the matter is now ripe for disposition.

**II.       Legal Standard**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)

---

[2] In response to the action commenced by MBNA, Tucker filed an answer with counterclaims on August 29, 2006. (Compl. Ex. 3.)

(quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord Phillips*, 515 F.3d at 238–39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965.

The "Third Circuit Rule" permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim

shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975).

**III.** **Discussion**

Defendant challenges the timeliness of Plaintiffs' complaint. Section 1692k(d) of the FDCPA provides that an "action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." The dispute between the parties is when the alleged FDCPA violation occurred. Defendant argues that Plaintiffs' FDCPA claim accrued when the first telephone call was received by the Plaintiffs in 2005, and Plaintiffs' claims are barred because they filed their action more than a year after the first call.

FDCPA has a one year initiation period. While there are no cases in this circuit addressing this issue, courts in other circuits have barred FDCPA claims arising from discrete acts occurring outside the one year limitations period. *See, e.g., Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y 1999) (holding that the continuing violations doctrine did not apply to two separate events and holding that FDCPA claim arising from an event beyond the limitations period was time barred); *Pittman v J.J. MacIntyre Co.*, 969 F. Supp. 609, 611 (D.Nev. 1997) (allowing claims for telephone calls made within the one year period but barring claims for telephone calls made beyond that period); *Pagan v. Monterrey Collection Servs.*, No. 07-80, 2007 WL 966009, at *2 (E.D. Pa. Mar. 29, 2007) (barring FDCPA claims arising from telephone calls made beyond the one year limitations period). The above cases adopt the discrete acts as dispositive of the limitations period.

However, other courts considering FDCPA claims stemming from a pattern of repeated conduct have held that the entire pattern may be considered a continuing violation. *See, e.g.*, *Joseph v. J.J. MacIntyre Co., LLC*, 281 F. Supp. 2d 1156, 1162 (N.D. Ca. 2003) (applying the continuing violation doctrine where plaintiff alleged over 200 telephone calls spanning a nineteen month period); *Padilla v. Payco General American Credits, Inc.*, 161 F. Supp. 2d 264, 273 (S.D.N.Y. 2001) (holding that the one year limitations period "is not intended to deprive plaintiffs of the use of evidence of violations that took place more than a year before filing, but rather to protect defendants by ensuring that the action is filed within one year of the most recent date on which the defendant is alleged to have violated the [FDCPA]."); *Sierra*, 48 F. Supp. 2d at 395 (indicating in dicta that "a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred" might be considered a continuing violation).

There are no cases in the Third Circuit considering whether the continuing violations theory may be applied to FDCPA claims. However, the Third Circuit has held that, "[t]he application of the continuing violations theory may be appropriate in cases in which a plaintiff can demonstrate that the defendant's allegedly wrongful conduct was part of a practice or pattern of conduct in which he engaged both without and within the limitations period." *McAleese v. Brennan*, 483 F.3d 206, 218 (3d Cir. 2007); *see also Joseph*, 281 F. Supp. 2d at 1160–61 (adopting the continuing violations doctrine in FDCPA claims and explaining that the doctrine is properly applied in other remedial actions such as hostile work environment claims, Title VII claims, and anti-discrimination claims). The court acknowledges that mechanical application of the one-year limitations period could operate to defeat some of the remedial consumer protection goals of the FDCPA. For these

reasons, this court holds that a continuing violations theory may be applied to FDCPA claims.

To base a claim on conduct alleged to be part of a continuing violation, a plaintiff must demonstrate two things: (1) at least one act occurred within the filing period; and (2) the alleged conduct must be more than isolated, sporadic acts—in other words, the conduct "must be a persistent, on-going pattern." *McAleese*, 483 F.3d at 218 (quoting *West v. Phila. Elec. Co.*, 45 F.3d 744, 754–55 (3d Cir. 1995)). The focus is on the affirmative unlawful conduct of the defendant, not the lingering effects of the unlawful conduct. *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 423 (3d Cir. 2005).

Here, Defendant argues that collection telephone calls are analogous to a discrete act and Plaintiffs are not entitled to the continuing violation theory because Plaintiffs were aware of any FDCPA claims when they received the very first call. (Doc. 7.) Defendant argues that because Plaintiffs failed to file within one year of receiving the first call, their claim should be barred by the statute of limitations. Defendant's arguments fail for two reasons.

First, a portion of the telephone calls at issue are not time barred at all. Unlike the plaintiffs in *Pittman* or *Pagan*, here Plaintiffs allege ten specific instances of allegedly harassing calls received from Defendant in 2008. (Compl. Ex. 4.) Plaintiffs filed suit on September 10, 2008. Claims arising from any calls received within one year of September 10, 2008 would not be time barred under the FDCPA. *See* 15 U.S.C. § 1692k(d); *Pagan,* 2007 WL 966009, at *2, n.1. Therefore, claims arising from the ten calls received in 2008 and any other calls made after September 11, 2007 are not barred by the one year limitation period of § 1692k(d).

Second, like the plaintiffs in *Joseph*, Plaintiffs have sufficiently alleged that the telephone calls were a continuing violation. Plaintiffs averred that the first harassing telephone call was received on January 14, 2005. (Compl. Ex. 4.) They further allege that they received 95 harassing telephone calls from January to March 2005 and that these calls continued "for the next 12 to18 months." (Compl. Ex. 4.) Plaintiffs alleged that they received ten calls in 2008, well within the one year limitation period, and that these calls were part of a series of calls that "continued unabated" from 2005 to 2008. (Compl. ¶¶ 12, 14.) By pleading the receipt of telephone calls within the limitation period of § 1692k that are part of a continuing pattern of conduct, Plaintiffs have satisfied the requirements for pleading a continuing violation. *See McAleese*, 483 F.3d at 218. Therefore, Plaintiffs' FDCPA claims arising from conduct occurring prior to September 7, 2007 are not barred by the limitation period of § 1692k(d) because they are alleged to be part of a continuing violation.

Defendant is correct that FDCPA claims arising from the commencement of a collection action occur when the action is filed. *Nass v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997); *see also Sierra*, 48 F. Supp. 2d. at 395; *Calka v. Kucker, Kraus and Bruh, LLP*, No. 98 Civ. 0990 (RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998); *Schaffhauser v. Burton Neil & Assoc.*, No. 1:05-CV-02075, 2008 WL 857523, at *2 (M.D. Pa. Mar. 27, 2008); *Sprague v. Neil*, No. 1:CV-05-1605, 2008 WL 140718, at *4 (M.D. Pa. Jan. 10, 2008). However, the allegations before the court in this matter do not concern FDCPA claims arising from the commencement of a collection lawsuit. Here, Plaintiffs have alleged FDCPA claims based on a series of telephone calls. Defendant has cited no binding case law importing the limitations rules for collection lawsuits into claims for

continuing violations arising from telephone calls.[3]  The purpose of the FDCPA is to protect consumer debtors from abusive and harassing collection practices by debt collectors and the court will not bar Plaintiffs' claims at this early stage of litigation.

Consequently, the Defendant's motion to dismiss will be denied.

**IV.     Conclusion**

For the foregoing reasons, the motion to dismiss (Doc. 6.) filed by Defendant Mann Bracken will be denied.  An appropriate order will be issued.

                                                                s/Sylvia H. Rambo
                                                                SYLVIA H. RAMBO
                                                                United States District Judge

Dated:  January 21, 2009.

---

[3] Defendants cite an unpublished case, *Burgi v. Gurstel Law Firm, P.A.*, No. 07-cv-04772, (D.Minn. Sept. 24, 2008), as "nearly identical" to the matter before the court here.  However, *Burgi* was decided on facts quite different from the allegations before the court here.  In *Burgi*, the plaintiff filed a claim nearly fourteen months after the last harassing phone call took place.  None of the telephone calls giving rise to FDCPA claims took place within the limitations period, a prerequisite for an allegation of a continuing violation.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BURTON F. TUCKER &** : | **CIVIL NO. 1:CV-08-1677** |
| **IDA TUCKER,** : | |
| **Plaintiffs** : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **MANN BRACKEN, LLC,** : | |
| **Defendant** : | |

# **O R D E R**

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss (Doc. 6.) is **DENIED**.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: January 21, 2009.